JAP:PWB

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | 15-97 M |

- - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA | **FILED UNDER SEAL** |
| - against - | COMPLAINT AND AFFIDAVIT<br>IN SUPPORT OF ARREST |
| GAMAL AHMED MOHAMMED SALEH, | WARRANT |
| Defendant. | (T.18, U.S.C. 1546) |

- - - - - - - - - - - - - - - x

EASTERN DISTRICT OF NEW YORK, SS:

Bert Seay, being duly sworn, deposes and states that he is a Special Agent with the United States Department of State, Diplomatic Security Service, duly appointed according to law and acting as such.

On or about May 27, 2014, within the Eastern District of New York, the defendant GAMAL AHMED MOHAMMED SALEH did knowingly and willfully use and attempt to use a United States visa that was procured by means of a false claim or statement and otherwise procured by fraud and unlawfully obtained.

(Title 18, United States Code, Section 1546)

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1.       I am a Special Agent with the United States Department of State, Diplomatic Security Service ("DSS") and have been involved in the investigation of numerous cases involving United States visas procured by fraud.  I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, and from reports of other law enforcement officers involved in the investigation.

2.       In August 2014, DSS received information from the Department of Homeland Security, Office of the Inspector General ("DHS-OIG") that DHS-OIG had received an anonymous tip that certain Yemeni national employees working in the non-immigrant visa unit of the U.S. Embassy in Sanaa, Yemen were helping other Yemeni nationals in procuring non-immigrant visas to the United States in exchange for money.  The visa applications obtained in this manner contained numerous false statements – principally with respect the purpose of the visa applicants' travel to the United States and the visa applicants' employment.

3.       On or about May 27, 2014, the defendant GAMAL AHMED MOHAMMED SALEH arrived at John F. Kennedy International Airport ("JFK") in Queens, New York, Turkish Airlines, Flight number 1, which had departed from Istanbul, Turkey.  Upon arrival at JFK, the defendant presented a valid Yemeni passport (05510409).  The passport contained a B1/B2 United States entry visa, Visa Foil No. F8124505, issued by the United States Department of State, Bureau of Consular Affairs on May 15, 2014.  The defendant was applying for entry as a visitor for business.

4.       DSS agents were able to review the visa application for the defendant GAMAL AHMED MOHAMMED SALEH, which was submitted on March 20, 2014 and

presented to a U.S. Consular Officer at the U.S. Embassy in Sanaa, Yemen on May 15, 2014. In his visa application, the defendant stated, among other things, that he was a "Working Business" for "Al Rafidain Trading Corp." The defendant also stated in his visa application that the purpose of his trip to the United States was to attend the "Offshore Technology Conference" in Houston, Texas for approximately 1 month.

5. In September 2014, DSS agents received information from the Yemeni Ministry of Commerce and Information confirming that "Al Rafidain Trading Corp" is not a registered or legitimate company in Yemen.

6. On November 3, 2014, DSS agents spoke to the senior registration manager of the "Offshore Technology Conference." This individual stated that the defendant had registered for the conference, but GAMAL AHMED MOHAMMED SALEH had never paid to attend the conference. Furthermore, the defendant did not actually attend the conference. In addition, a review of law enforcement databases uncovered no evidence that the defendant ever travelled to Houston, Texas after he arrived at JFK.

7. A review of State Department databases reveals that the defendant GAMAL AHMED MOHAMMED SALEH has been a "visa overstay" since November 26, 2014.

WHEREFORE, your deponent respectfully request that the defendant GAMAL AHMED MOHAMMED SALEH be dealt with according to law.

S/ Bert Seay

_____
Bert Seay
Special Agent
United States Department of State
Diplomatic Security Service

Sworn to me before this
3rd day of February, 2015

S/ Vera Scanlon

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK